Ross *et al.*, administrators, *vs.* Stokes, administrator.

1. Where lands, the subject matter of contest, are rented out pending the litigation under the order of court, the rents are but the mesne profits incident to the delay and should pass with the *corpus* in the adjudicated disposition thereof.
2. The costs seem to have been equitably taxed, but whether so or not, this court cannot interfere as it is provided that the chancellor shall determine upon whom the costs shall fall.

Equity.   Rents.   Costs.   Before Judge Crisp.   Lee Superior Court.   November Adjourned Term, 1878.

The report of this case in 59 *Ga.*, 862, with the following opinion, is sufficient to a clear understanding of the questions decided.

Lanier & Anderson, by brief, for plaintiffs in error.

Hawkins & Hawkins ; Fred. H. West, for defendant.

Crawford, Justice.

When this cause came before the chancellor for the final decree to be made therein, the plaintiffs in error insisted that the net proceeds of the rents of the land, which had been the subject matter of litigation for the years 1877 and 1878, and also the sum of $190.79, which had been reserved out of the sale of the land as commissions, should be paid over to them, the last mentioned sum to be paid from the rents of the years 1875 and 1876.

They further insisted that the estate of Ross be discharged from any part payment of the costs of this litigation, there being ample funds in the hands of the administrator Stokes, from the said rents of 1875 and 1876, to pay the same. The court refused so to decree, and on the contrary decreed that the auditor's report in the case, with the supplemental decree as directed by the supreme court, and the judgment of that court, be made the final decree, and that the estate of the said Ross be charged with its *pro' rata* share of the costs and auditor's fees, to which ruling and decision of the court the said administrators excepted.

1. It became necessary during the pendency of the litiga_ tion in this case to rent out the land, and the first error complained of in this record, is the refusal of the court to allow the rents paid over to the plaintiffs in error. The decree directed the land sold, and also directed the disposition of the fund arising therefrom, and the delay in executing the decree did not change the rights of the parties, nor affect the order of the distribution of the money. The rents were but the mesne profits incident to the necessity for the delay—and we think went properly with the *corpus* in the adjudicated disposition thereof.

2. The plaintiffs in error complain that the costs between the parties are not equitably adjusted, and that the decree is totally defective as to the costs. This is not made to appear to us, for it seems that the *net amount* received by Ross after deducting commissions, etc., was $3525.08, and the *net amount* retained by Stokes, including the rents during the litigation, was $2418.00, aggregating $5943.08. The costs were to Ross $255.04, to Stokes $174.95, making the total $430.95. But if this be not right, it is not such an error as we can correct, for it is provided that the chancellor shall determine upon whom the costs shall fall. Code, §4210.

No error being made to appear to us the judgment of the court must be affirmed.